Putnam, J.,
(after a brief history of the action.) The question, whether the act of the 6th of March, 1802, and the making of the turnpike road, were not a discontinuance and dissolution of the general and common field, became a material subject of inquiry ; for if the field had been discontinued, all the authority which the defendants claim to exercise over the plaintiff’s property was at an end.
* Such would have been the case if the proprietors had voted to dissolve or discontinue the' general field, pursuant to the statute of 1784, c. 53; <§> 8. That is only one mode by which a dissolution may take place. It is easy, however, to suppose that the same effect may be obtained by various other modes. If the proprietors should all agree, by deed, to discontinue *377 such field, we see no objection to it. So, if they were to grant a way through their field, and should covenant that the grantees should enjoy it as a highway, without any obstruction from the proprietors, such a grant, being entirely inconsistent with an occupation by an entire enclosure, would necessarily operate as a discontinuance.
The case last supposed is not so strong as the case at bar. The public have acquired a way through the middle of this field. The act of the legislature, and the proceedings under it, are equivalent to a declaration, on the part of the legislature, that this field should no longer be fenced into one enclosure. It became necessary, or convenient, for the public to pass through it; and it would not be lawful for the proprietors to obstruct the public will. After the road was established, the proprietors could not lawfully shut or fence it up. Such an act would be an offence.
Suppose (which, however, is not decided in this case) that the plaintiff was, before the establishment of the turnpike road, liable to contribute, as a proprietor in a general field; he would be discharged afterwards, upon the settled rule that, where a party was bound to perform any act which the law afterwards prohibits, he shall be excused.
This view of the case, with which, after much consideration, we are all satisfied, renders it unnecessary to give any opinion as to the other exceptions made by the plaintiff.
The entry must be, that the judgment of the Circuit Court of Common Pleas be reversed, and a venire facias de nova awarded, returnable to the bar of this Court.